**JIAN QING WENG, Petitioner,**

v.

**Eric HOLDER, Jr.[1], United States Attorney General, Respondent.**

**No. 08–2536–ag.**

United States Court of Appeals, Second Circuit.

March 5, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric Holder, Jr., is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

Farah Loftus, Century City, CA, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, Mona Maria Yousif, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Jian Qing Weng, a native and citizen of the People's Republic of China, seeks review of a May 5, 2008 order of the BIA sustaining Weng's appeal, in part, and dismissing his appeal, in part, of the May 17, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Qing Weng*, No. A 98 413 749 (B.I.A. May 5, 2008), *rev'g, in part, and aff'g, in part* No. A 98 413 749 (Immig. Ct. N.Y. City May 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ Weng argues that he established both past persecution and a well-founded fear of future persecution where his wife was twice forced to undergo abortions and he fears persecution, and sterilization in particular, for his opposition to China's family planning policy.[2] However, the record supports the BIA's finding that Weng

---

**2.** To the extent that Weng asserts that he is eligible for relief because he was "mistreated and tortured" for attempting to illegally departed China, we decline to consider that unexhausted claim. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

failed to establish past persecution based on his wife's forced abortions. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308, 314 (2d Cir.2007) (holding that applicants must base their claims on "persecution that they themselves have suffered or must suffer"). As the BIA found, Weng conceded during his testimony that he did not suffer any past political persecution and that only his wife was persecuted.

■ The BIA also properly rejected Weng's claim based on his fear of sterilization upon return to China. As the BIA noted, Weng did not testify that he feared being persecuted for his opposition to China's family planning policy; indeed, he testified that he left China so that he could try to have more children. Moreover, the BIA reasonably found that Weng submitted no evidence demonstrating that any such fear was well-founded. While the Department of State report in the record indicates that there continue to be reports of physical coercion used to compel individuals to be sterilized, "unattributed reports of forced sterilizations ... of an unspecified number ... in undescribed circumstances d[o] not persuasively demonstrate a reasonable possibility that [an individual] would face such persecution on removal to China." *See Shao v. Mukasey,* 546 F.3d 138, 165 (2d Cir.2008). Therefore, the BIA did not err in finding that Weng failed to establish a well-founded fear of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

Because Weng was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Additionally, Weng's CAT claim fails where it is predicated upon the same facts as his asylum and withholding claims. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).